UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID E. HUESTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-173-HAB-SLC |
| SHERIFF OF ALLEN COUNTY, | |
| Defendant. | |

OPINION AND ORDER

David E. Hueston, a prisoner without a lawyer, filed a complaint about the conditions of confinement at the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hueston sues Allen County Sheriff David Gladieux for a variety of complaints regarding the conditions he was held in at the Allen County Jail. He alleges he has been living with around 50 other people in a cell block designed for only 35 inmates. This overcrowding, he says, led to him sleeping on the floor on a mat for over a year. He alleges that sleeping on the floor has led to his cellmates falling on him and using the

toilet next to his head while he sleeps. He is constantly woken up at night because of this and loses rest. Hueston continues that the overcrowding leads to tensions. He alleges he warned an officer that there would be problems if they were not separated. However, the officer did nothing and violence ensued, though Hueston does not say whether he himself was a victim of that violence.

Hueston further complains that because of the overcrowding, he has to eat sitting on the day room floor or standing up. He alleges the food is always cold, and the jail decreases the meal portion sizes in order to have enough food for all the inmates. Hueston alleges they don't get recreation or exercise or access to religious services. Finally, Hueston states that he was sick with COVID-19 twice during his time at the jail, but no one came when he asked for help. He seeks damages for the constitutional violations and his pain and suffering.

As a pretrial detainee, Hueston is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities," *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 453 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)), as well as constitutionally adequate medical care, *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). Beyond this, to recover damages, a pretrial detainee must also plausibly allege a defendant's "response was

objectively unreasonable under the circumstances" and that the defendant "acted purposely, knowingly, or recklessly with respect to the consequences of [his] actions." *Mays v. Emanuele*, 853 F. App'x 25, 26-27 (7th Cir. 2021). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)).

Here, Hueston's complaint does not state a claim because he does not explain how these jail conditions denied him "basic human needs" or "the minimal civilized measure of life's necessities." *McCree v. Sherrod*, 408 F. App'x 990, 992 (7th Cir. 2011). Simply being in the presence of unconstitutional conditions at the jail is not enough to claim damages under 42 U.S.C. § 1983, unless Hueston himself was injured by the conditions. A necessary element of a constitutional tort is "that the officer's act . . . caused any injury." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012). "[T]here is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic." *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013).

For example, an allegation of sleeping on the floor, alone, does not state a claim. *See, e.g., Rodmaker v. Krienhop*, No. 4:14-cv-070-TWP-TAB, 2014 WL 3671016, at *2 (S.D. Ind. July 23, 2014) (collecting cases) (pretrial detainees have no constitutional right to have an elevated bed and may be required to sleep with their mattress on the floor); *Robeson v. Squadrito*, 57 F. Supp. 2d 645, 647 (N.D. Ind. 1999) (same). Though the sleeping conditions may contribute to a denial of "the minimal civilized measure of life's necessities," *Hardeman*, 933 F.3d at 820 (quoting *Rhodes v. Chapman*, 452 U.S. 337,

3

347 (1981)), without more details about how the duration and severity of the conditions affected Hueston personally, this claim cannot proceed. Similarly, lack of access to exercise may violate the constitution in "extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). However, restrictions on recreation must be analyzed in light of the other opportunities the inmates have for out-of-cell activities. *See Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001). It is unclear from the complaint whether the effect of these conditions on Hueston crossed the line from inconveniences to potential constitutional violations.

Moreover, the complaint contains no allegations of Sheriff Gladieux's personal involvement in the alleged violations. A defendant may be held individually liable under 42 U.S.C. § 1983 for damages only if that defendant was personally involved in the alleged violations. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). In this context, the complaint must plausibly allege facts suggesting the sheriff was aware of these conditions, but his response was "objectively unreasonable." *Gonzalez v. McHenry Cnty.*, No. 21-2756, -- F.4th --, 2022 WL 2921022, at *2 (7th Cir. July 26, 2022). He cannot be held personally liable simply because he oversees the jail. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Hueston's complaint about lack of access to religious services is analyzed under the protections afforded by the First Amendment and by the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. *See Vinning-El v. Evans*,

4

657 F.3d 591, 592-93 (7th Cir. 2011); *Holt v. Hobbs*, 574 U.S. 352 (2015). But here, he does not say what his religion is or what steps he took in an attempt to practice his religion. Without more, this claim cannot proceed.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Hueston may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Prisoner Complaint Pro Se 14 (INND Rev. 2/20)** form and send it to David E. Hueston;

(2) GRANTS David E. Hueston until **September 6, 2022**, to file an amended complaint; and

(3) CAUTIONS David E. Hueston if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 4, 2022.

                                           s/ Holly A. Brady  
                                          JUDGE HOLLY A. BRADY  
                                          UNITED STATES DISTRICT COURT