UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DAVID E. HUESTON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SHERIFF OF ALLEN COUNTY,** )<br>*Indiana,* )<br>)<br>**Defendant.** ) | Case No. 1:22-cv-00173-SLC |

## OPINION AND ORDER

Before the Court is a motion filed by *pro se* Plaintiff requesting the Court: (1) reopen discovery, (2) grant leave for Plaintiff to depose certain deponents, and (3) provide an investigator to find a potential deponent. (ECF 65, 66, 67). For the following reasons, Plaintiff's motion will be denied.

In its Scheduling Order dated February 16, 2023, the Court set a discovery deadline of November 15, 2023, and a dispositive motion deadline of December 20, 2023. (ECF 30). Upon Plaintiff's motion for court-recruited counsel (ECF 42) filed on December 1, 2023, the Court construed the request as a motion to reopen discovery for a limited purpose and granted the motion. (ECF 43). The Court allotted additional discovery time with a deadline of February 16, 2024, for the purpose of submitting medical record requests as described in the Order. *(Id.)* That motion was filed after discovery had closed. Plaintiff's present motion was also filed after the discovery period had closed---in fact, *more than eighteen months* after the close of discovery.

The decision to reopen discovery rests within the broad discretion of the Court. *See Ty, Inc. v. Publ'ns Int'l, Ltd.*, 99 C 5565, 2003 WL 21294667, at *6 (N.D. Ill. June 4, 2003); *Reytblatt v. Nuclear Regul. Comm'n*, No. 86 C 385, 1991 WL 140920, at *2 (N.D. Ill. July 22,

1991). Generally, to extend a discovery deadline, the moving party must show "good cause" pursuant to Federal Rule of Civil Procedure 16. *See Webber v. Butner*, No. 1:16-cv-01169-JRS-DLP, 2019 WL 6213143, at *1 (S.D. Ind. Nov. 21, 2019). The good cause standard focuses on the diligence of the party seeking the extension. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Smith v. Howe Mil. Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997).

After the discovery deadline has passed, however, "a party seeking to reopen discovery must [also] show 'excusable neglect' for failing to complete discovery within the time allotted[,]" pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). *See Webber*, 2019 WL 6213143, at *1; *McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *7 (N.D. Ill. July 14, 2015) ("[A]fter the deadline has expired, Rule 6 permits an extension only on a showing of both good cause *and* excusable neglect."). Factors to consider when determining excusable neglect include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013) (stating that the *Pioneer* analysis is controlling wherever "excusable neglect" appears in federal procedural rules).

The Court finds that Plaintiff has not satisfied the "good cause" and "excusable neglect" requirements to reopen discovery. Plaintiff asserts that he has "critical testimony" after attending a medical appointment on July 26, 2024 (ECF 65 at 2), requiring the deposing of several individuals (ECF 66), but this information does not give reason to reopen discovery. Plaintiff fails to explain why he could not have obtained the requested discovery through exercising due

diligence during the discovery period. And to the extent he wants to conduct discovery about events that occurred after discovery closed, "[d]iscovery simply cannot go on endlessly until a plaintiff has everything [he] possibly could hope for or imagine." *Fox v. Phillippe Builders, Inc.*, No. 21 C 3897, 2024 WL 3251597, at *3 (N.D. Ill. July 1, 2024). "Discovery must have an end point." *Steveo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011). "In managing their caseloads, district courts are entitled to---'indeed they must---enforce deadlines.'" *Id.* (quoting *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006)).

Further, Plaintiff requests that an investigator be allotted to avoid prejudice (ECF (67), but Plaintiff fails to indicate how such prejudice would occur. Additional discovery would negate the finality intended by the rules governing case management and "a second chance would no doubt be prejudicial to Defendant[] in terms of delaying resolution of the claims against them and possibly generating more costs." *Browning v. Lott,* No. 3:21-CV-544-MGG, 2024 WL 1071065, at *3 (N.D. Ind. Feb. 22, 2024). In any event, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)." *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, at *1 (N.D. Ill. June 26, 1996) (collecting cases)); *see King v. Calderwood*, No. 2:13-cv-02080-GMN-PAL, 2015 WL 7428552, at *1 (D. Nev. Nov. 20, 2015) ("Section 1915 . . . does not extend to discovery and litigation related expenses such as a private investigator."). Therefore, Plaintiff's motion to reopen discovery (ECF 65) is DENIED. Given that the Court will not reopen discovery, Plaintiff's related motions to grant leave for Plaintiff to depose certain deponents (ECF 66) and provide an investigator to find a potential deponent (ECF 67) are also DENIED.

SO ORDERED.

Entered this 11th day of September 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge